# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

BRENDA J. SIDERS-HAYES,

    Plaintiff,

v.                                        Civil No. 07-CV-13363

COMMISSIONER OF                  DISTRICT JUDGE ROBERT H. CLELAND
SOCIAL SECURITY,                  MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, IT IS RECOMMENDED that PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED, and that the FINDINGS OF THE COMMISSIONER BE AFFIRMED.

## II.    REPORT

### A.    Introduction and Procedural History

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability, disability insurance and Supplemental Security Income benefits. This matter is currently before the Court on cross motions for summary judgment. (Dkt. at 7-8.)

Plaintiff was 54 years of age at the time of the most recent administrative hearing. (Tr. at 206.) Plaintiff's relevant work history included 10 years work in a retail store, and 4 years work managing a food stand at a sports stadium. (Tr. at 58.)

Plaintiff filed the instant claims on October 18, 2004, alleging that she became unable to work on August 1, 2004. (Tr. at 49-54.) The claims were denied initially and upon reconsideration. (Tr. at 30-35.) In denying Plaintiff's claims, the Defendant Commissioner considered disorders of the back and thyroid as possible bases of disability. (*Id.*)

On July 26, 2006, Plaintiff appeared with counsel before Administrative Law Judge (ALJ)Melvyn Kalt, who considered the case *de novo*. In a decision dated November 13, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at11-18 .) Plaintiff requested a review of this decision on November 27, 2006. (Tr. at 10.)

The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[2] (AC-103, Tr. at 160-202), the Appeals Council, on June 28, 2007, denied

---

[2]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

Plaintiff's request for review. (Tr. at 4-6.) On August 13, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision.

**B.     Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case de novo, . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir.1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 216, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730

F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

**C. Governing Law**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative

review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq.*) Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, both require a finding of disability for the award of benefits.

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.

Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.

Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.

Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

### D. Administrative Record

A review of the medical evidence contained in the administrative record and presented to the ALJ indicates that in February 2002, Plaintiff was hospitalized for three days at Beaumont Hospital. (Tr. at 116-128.) In 2003 and 2004, Plaintiff was also regularly seen by Drs. Butka and Michaels. (Tr. at 130-139, 145-159.) Plaintiff also underwent a consultative examination performed at the request of the Disability Determination Service in November 2004, by Dr. Quadir, M.D. (Tr. at 140-144.)

### E. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since 2004. (Tr. at

17.) At step two, the ALJ found that Plaintiff's impairments were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (*Id.*) At step four, the ALJ found that Plaintiff could not perform her previous work, which he found to require medium exertion. (*Id.*) At step five, using the Commissioner's grid rules as a guide, the ALJ denied Plaintiff benefits because Plaintiff could perform a significant number of jobs available in the national economy. (Tr. at 17-18.)

### F. Analysis and Conclusions

#### 1. Legal Standards

The ALJ determined that Plaintiff possessed the residual functional capacity to return to light work. (Tr. at 16-18.)

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

#### 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

On this record, I suggest the substantial evidence supports the findings of the ALJ. As to Plaintiff's claims of disabling physical impairments, in late February, 2002, Plaintiff was hospitalized at Beaumont Hospital. (Tr. at 116.) At the time of her admission, her physicians suspected a possible cerebral aneurysm. (*Id.*) Further testing, however, confirmed no intracranial or neurological abnormalities. (Tr. at 120, 129.) In August, 2003, Dr. Michael reported that an earlier problem with Plaintiffs night vision had been corrected. (Tr. at 137-138.) In October 2004, Dr. Michael reported that Plaintiff exhibited low back pain with radiation into the right leg. (Tr. at 131.) Although some reflexes in the leg were diminished, muscle power was rated by the doctor as normal. (*Id.*) Two months later, the doctor reported that the diminished reflexes showed some improvement. (Tr. at 145.) Although Plaintiff exhibited tenderness in the lumbosacral spine, and walked with a mild limp, the doctor found "minimal" muscle spasm. (*Id.*) In March 2006, Dr. Michael authored a "to whom it may concern" letter in which he stated that with medication and after physical therapy, Plaintiff had achieved "[p]artial pain relief and improvement in function[.]" (Tr. at 153.) Although the doctor stated his belief that Plaintiff would continue to suffer chronic pain, he also stated his belief that "[w]e should be able to maintain partial function with further long-term exercise and medical therapy." (*Id.*)

A vocational expert ("VE") testified at the administrative hearing. In response to a hypothetical question from the ALJ presuming the ability to lift 20 pounds occasionally, the repeated lifting of no more than 10 pounds, while undertaking simple operations which could be done either sitting or standing, the VE identified assembling packaging and sorting jobs consistent with these hypothetical conditions. (Tr. at 216.) In light of the evidence discussed above, I suggest that the VE's opinion is consistent with the medical evidence of record, and thus can properly be considered substantial evidence supporting the ALJ's findings. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff argues that the ALJ improperly discredited a medical report and a medical assessment prepared by Dr. Michael in May, 2006. (Tr. at 149-152.) After review of these documents, however, I suggest that ALJ's findings are in fact consistent with the report and assessment. The ALJ's residual functional capacity analysis, I suggest, is not inconsistent with Dr. Michael's statement that Plaintiff's pain "will last indefinitely, although probably waxing and waning[.]" (Tr. at 150.) As did the ALJ, Dr. Michael states that Plaintiff suffered from chronic low back pain had problems maintaining a seated position, as evidenced in the ALJ's hypothetical to the VE, which included the requirement that activities be done either sitting or standing. I further suggest that opinions expressed by Dr. Michael in his report and assessment are somewhat internally inconsistent. Although in the medical assessment, Dr. Michael states that Plaintiff would be unable to sit for more than 10 minutes at a time (Tr. at 151,) he nonetheless in the medical report states that Plaintiff is physically capable of traveling by bus or by car on a daily basis. (Tr. at 150.)

Counsel for Plaintiff argues that the ALJ failed to find Plaintiff's complaints of disabling painfully credible. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b) (1995); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c) (1995); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

In the present case, the ALJ acknowledged that Plaintiff had an impairment that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v.*

*Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at **3 (6th Cir. Ohio Feb. 11, 1999). Under these standards, I suggest that there is insufficient basis on this record to overturn the ALJ's credibility determination.

As to Plaintiffs claims of disabling mental impairments, I suggest that the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. In *Cornette v. Comm'r of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988), the ALJ found that plaintiff's condition met both the A and B criteria of Listed Impairment 12.04. At issue was the date of disability. In that case, there was testimony that plaintiff's wife had to assist him in bathing and putting on his clothes. The plaintiff twice tried to commit suicide, and plaintiff did nothing but lie in bed and watch television. 869 F.2d at 264.

In *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991), the court reversed a finding of nondisability and held that plaintiff there met both the A and B criteria of Listed Mental Impairment 12.08. In *Lankford*, there was abundant evidence of repeated suicide attempts, violent behavior and repeated lengthy hospitalizations for treatment of mental disorders.

Review of the medical evidence contained in this record fails, I suggest, to show any consistent findings by Plaintiff's treating physicians of mental impairment. I further suggest that there is in this record no indication that mental impairments rendered plaintiff with "no useful ability to follow work rules, deal with the public, interact with supervisors, cope with work stress or relate predictably in social situations[,]" as was the case in *Walker v. Comm'r of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992). Moreover, the only detailed psychiatric examination contained in the record is that done at the request of the Disability Determination Service which yielded no diagnosis of any mental disease, and only indications, at most, of a minor degree of mental impairment. (Tr. at 140-142.)

After review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/ *Charles E. Binder*
                                                          CHARLES E. BINDER
Dated: January 31, 2008                         United States Magistrate Judge

## **CERTIFICATION**

    I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker, Marc Littman, and the Commissioner of Social Security, and served on U.S. District Judge Cleland in the traditional manner.


Date: January 31, 2008        By     s/Patricia T. Morris
                                            Law Clerk to Magistrate Judge Binder