**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRENDA J. SIDERS-HAYES,

    Plaintiff,

v.                                                                 Case No. 07-CV-13363-DT

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                              /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On January 31, 2008, Magistrate Judge Charles Binder issued a report and recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Brenda Siders-Hayes's motion for summary judgment. On February 8, 2008, Plaintiff filed objections to the magistrate judge's report and recommendation, and Defendant filed its response on February 13, 2008. For the reasons stated below, the court will overrule Plaintiff's objections, adopt the report and recommendation, grant Defendant's summary judgment motion and deny Plaintiff's summary judgment motion.

**I.  STANDARD**

**A. Substantial Evidence Standard**

Pursuant to 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per

curiam). "The decision of an ALJ is reviewed to determine whether it is supported by substantial evidence and consistent with applicable law." *Pittsburgh & Conneaut Dock Co., v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 258 (6th Cir. 2007). This judicial review is limited to the record and evidence that was before the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co.*, 473 F.3d at 259 (citation omitted), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

### B. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence

2

previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II.  DISCUSSION

Plaintiff raises two principal objections to the report and recommendation, claiming that the magistrate judge "overlooked and discounted the findings of the treating physician[] Dr. Michael," (Pl.'s Obj. at 1-2), and "failed to explain" why "the ALJ's credibility assessment of the plaintiff was . . . supported by substantial evidence," (*id.* at 4).

### A. Treating Physician

Plaintiff first contends that both the ALJ and the magistrate judge erred by "overlook[ing] and discount[ing] the findings of the treating physician[] Dr. Michael." (Pl.'s Obj. at 1-2.) Specifically, Plaintiff argues that her treating physician's opinion that Plaintiff was unable to perform even sedentary work because of her pain should have been given more weight and the magistrate judge misread Dr. Michael's finding regarding Plaintiff's difficulty in sitting. (*Id.* at 2-3.)

Although the opinions of treating physicians are entitled to substantial weight, *Walters*, 127 F.3d at 529-30, the opinion of a treating physician must be based on sufficient medical data, and the ALJ may reject an opinion when not supported by objective medical evidence, *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990) (*citing Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)).

It is undisputed that Plaintiff visited Dr. Michael on numerous occasions from 2004 to 2007. During that time, Dr. Michael recorded Plaintiff's subjective complaints of pain and noted some limited straight leg raising, reduced reflexes and an antalgic gait. (Medical Records, A.R. at 131-39, 149-59.) The ALJ noted these findings but concluded that the objective medical evidence did not support Plaintiff's complaints of *disabling* pain. (ALJ's Decision at 15-16.) Because Dr. Michael's report was largely based on Plaintiff's own subjective complaints of pain, the ALJ properly considered Plaintiff's "credibility in deciding how much deference to give [Plaintiff]'s subjective complaints made to h[er] treating physician. Treating physicians' opinions are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Chandler v. Comm'r of Soc. Sec.*, 124 F. App'x 355, 358

(6th Cir. 2005) (*citing Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994)).  For the reasons stated in subsection B below, the ALJ's credibility assessment was supported by substantial evidence.

Moreover, the court rejects Plaintiff's claim that the magistrate judge misread Dr. Michael's May 2006 assessment.  Dr. Michael mentioned Plaintiff's complaints of "low back pain after standing," as well as her "problems maintaining a seated position." (Medical Records, A.R. at 149-51.)  The ALJ credited Dr. Michael's opinion to some extent when he concluded that Plaintiff could perform "unskilled light work offering a sit/stand option."  (ALJ's Decision, A.R. at 17.)  The magistrate judge agreed that Dr. Michael's assement should not be fully credited, noting that Dr. Michael's report appeared internally inconsistent because although Dr. Michael stated that Plaintiff could sit for only ten minutes without interruption, he also indicated that she could travel on a daily basis by car or bus.  (R&R at 9.)  In Plaintiff's objections, she "suggest[s] that there is a significant difference between travel and work" because "employment demands attention and pace" while when traveling, "[o]ne merely sits and waits" and can change positions, "even to the point of lying down."  (Pl.'s Obj. at 4.)  The court respectfully disagrees that Plaintiff would be able to lie down while operating a motor vehicle or even during a typical bus ride and finds Dr. Michael's assessment at least somewhat internally inconsistent.  More importantly, however, even though Plaintiff claims that "the report and assessment make clear that plaintiff is equally uncomfortable sitting and standing," and a "sit/stand option would therefore be neither a benefit to the plaintiff, nor consistent with the treater's opinion," Plaintiff admits that "[t]he 10 minute limitation obviously represents the doctor's assessment of how long plaintiff could sit without the

5

need to change positions.  To read it any other way unfairly take the doctor's functional assessment completely out of context." (Pl.'s Obj. at 3.)

The court agrees with the magistrate judge that, in this case, the ALJ's findings were consistent with Dr. Michael's reports and were supported by substantial evidence because any light work that provides Plaintiff with a sit/stand option would be sufficiently flexible to permit the change in positions necessary to accommodate Plaintiff's physical limitations.

### B.  Credibility Assessment

Plaintiff's second objection relates to Plaintiff's subjective complaints of pain, and Plaintiff argues that the magistrate judge "failed to explain" why "the ALJ's credibility assessment of the plaintiff was . . . supported by substantial evidence."  (Pl.'s Obj. at 4.) Plaintiff maintains that the magistrate judge "overlooked" Plaintiff's treatment regimen and the "slower pace at which plaintiff is forced to perform her limited household chores," which constitute "well documented proof of plaintiff's severe and debilitating pain" and "clearly establish that the A[LJ]'s assessment of her credibility was not supported by substantial evidence."  (*Id.* at 4-5.)

The court first finds that the magistrate judge properly applied the correct standards in reviewing the ALJ's determination.  The magistrate judge stated that, in evaluating subjective complaints of pain, Plaintiff "must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain."  (R&R at 10 (citing 20 C.F.R. § 404.1529(b)).)  The magistrate judge

further recognized that when an ALJ evaluates "the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living." (*Id.*)  The magistrate judge noted that, although "the ALJ acknowledged that Plaintiff had an impairment that could cause pain[,] . . . he found that the severe and debilitating nature of Plaintiff's pain was not fully credible and provided reasons for this conclusion." (*Id.*)

The ALJ explained his finding, stating that Plaintiff's claims "are not supported by the objective clinical evidence or the claimant's reported activities of daily living." (ALJ's Decision, A.R. at 16.)  Specifically, the ALJ explained that Plaintiff (1) "reported that she is able to perform most household chores but they take her longer due to pain," (2) "[s]he is able to take public transportation and ride in a car and maintain her own car with a handicap permit," (3) "[t]here are no objective medical findings of any lumboscral disc disease or lumbar radiculopathy," (4) "recent clinical findings do not show any paraspinal muscle spasm," (5) "[t]here is no evidence that [Plaintiff] has ever been diagnosed with any neurological deficit" and (6) "there are no signs of muscle atrophy." (*Id.*)  The magistrate judge concluded by stating that "[t]he ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility." (R&R at 10 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).)

7

The court agrees that the ALJ's credibility determination should not be set aside without a compelling reason. "Since the ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey,* 987 F.2d at 1234 (quoting *Hardaway v. Sec'y of Health and Human Servs.,* 823 F.2d 922, 928 (6th Cir. 1987)); *see also Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972) (emphasizing that the fact-finder in a social security benefits case, not the court, is charged with passing upon the credibility of witnesses and weighing evidence). The court's review "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard*, 889 F.2d at 681(citation omitted).

Plaintiff has not presented the court with a convincing argument to disregard ALJ's conclusion that Plaintiff's "allegations of disabling symptoms of chronic and severe low back and radicular pain are not wholly credible." (ALJ's Decision, A.R. at 16.) The ALJ considered the medical evidence, including her medical history, test results, diagnosis, treatment and her complaints of pain. (*Id.* at 14-17.) Further, the ALJ considered Plaintiff's testimony and her ability to conduct her daily activities. (*Id.* at 16.) While the court acknowledges that Plaintiff has undergone physical therapy and is taking medication to alleviate her pain and control her hypothyroidism and hypertension, these facts alone do not undermine the ALJ's credibility assessment.

The court finds that substantial evidence, including both Plaintiff's self-reported daily activities and the lack of objective medical evidence supporting the degree of Plaintiff's claimed pain, support the ALJ's adverse credibility determination.

## III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 10] are OVERRULED and the magistrate judge's January 31, 2008 report and recommendation [Dkt. # 9] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment [Dkt. # 8] is GRANTED and Plaintiff's motion for summary judgment [Dkt. # 7] is DENIED.

          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: March 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2008, by electronic and/or ordinary mail.

          s/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522